**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Andrew Daniels,** | ) | **CASE NO. 1:05 CV 2647** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **G&M Towing, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant United States of America's Motion to Dismiss (Doc. 16). For the following reasons, the motion is granted.

**Facts**

Plaintiff, Andrew Daniels, filed this Complaint against defendants, G&M Towing and United States of America. The former has been dismissed from this action.

The Complaint asserts the following facts as relevant to defendant United States of America. On September 14, 2004, plaintiff checked into the Wade Park VA Hospital for foot surgery scheduled for the next day. Plaintiff is diabetic. On the evening of September 14,

1

plaintiff experienced a high sugar level and requested insulin at the nurses' station. Plaintiff was told that the insulin could not be provided and that he should go to triage for medical treatment. Plaintiff went to triage and the nurse in the emergency room refused to give him insulin. Later that evening or early the next morning, a nurse asked plaintiff whether he had a car, wallet and money. Plaintiff responded that he did. The nurse requested plaintiff's wallet so that she could put it in "patient funds as required by hospital rules." The nurse then took some of plaintiff's money and gave his wallet to the VA Police "so they could steal [his] car" which had been parked in the hospital's garage. G&M Towing helped to steal the car and kept it for eight months until retrieved by plaintiff.

This matter is now before the Court upon defendant United States of America's Motion to Dismiss. Defendant moves pursuant of Federal Rules of Civil Procedure 12(b)(1), (4), (5) and (6).

**Discussion**

Defendant argues that this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(4) and (5) for insufficiency of service of process and service. Although plaintiff opposed the Motion to Dismiss, he did not address the issue of service. For the following reasons, the Court agrees that dismissal is warranted on this basis.

In an action initiated against the United States, plaintiff is required to serve the United States in the manner prescribed by Fed.R.Civ.P. 4(i)(1), which states,

**(1)** Service upon the United States shall be effected

**(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by

>registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
>**(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

Additionally, Fed.R.Civ.P. 4(i)(2)(A) requires that a copy of the summons and complaint be sent to the agency by registered or certified mail.  Pursuant to Fed.R.Civ.P. 4(c)(2), service may only be effected "by any person who is not a party and who is at least 18 years of age."

By letter of December 28, 2005, plaintiff was notified by defendant that service had not been properly perfected under Fed.R.Civ.P. 4(i)(1) and that service must be completed within 120 days of the initial filing of the Complaint[1].  (Doc. 6) In particular, plaintiff failed to perfect service upon either the Attorney General of the United States or the United States Attorney by certified mail.

Plaintiff filed an affidavit with this Court on February 6, 2006, stating that service was perfected upon defendant by personally serving the General Counsel Office of the Veterans Administration.  However, plaintiff still failed to effect service upon either the Attorney General of the United States or the United States Attorney as required by the rules.

"The time limit for service of process is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Abel v. Harp,* 122 Fed.Appx. 248, 250 (6th Cir. 2005) (citations omitted).  Plaintiff has not effected service in accordance with Fed.R.Civ.P.

---

[1] The Complaint was filed on November 14, 2005.

4(i)(1) and, therefore, dismissal without prejudice is warranted. [2]

**Conclusion**

For the foregoing reasons, defendant United States of America's Motion to Dismiss is granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/31/06

---

[2] Because this Court may not exercise jurisdiction over defendant in the absence of proper service, it need not address the other grounds for dismissal asserted by defendant which concern the merits of the Complaint.